■ In the Matter of MUR-ART-SOL, INC., Petitioner, against STATE LIQUOR AUTHORITY OF THE STATE OF NEW YORK, Respondent.— Petitioner's license has been suspended based upon a finding by the State Liquor Authority that it violated subdivision 6 of section 106 of the Alcoholic Beverage Control Law "by suffering the licensed premises to become disorderly in that by failing to exercise a proper degree of supervision, it suffered unescorted females therein to meet with unescorted males, both evidently unknown to each other up to that time, and that subsequently the females solicited the said males." We do not consider the evidence sufficient to sustain any such charge. In *Matter of Stanwood United* v. *O'Connell* (283 App. Div. 79) we said (p. 82): " Suffering premises to become disorderly means something more than a mere happening on one occasion. A finding that the management knowingly allowed such things to occur and to continue would have to be bottomed upon a showing either of more than a single event or the showing of a demonstrated attitude toward that happening which indicated acquiescence ". The most that can be said of the evidence here is that on a single occasion, while in petitioner's premises, a female solicited a police officer during a conversation which could not be overheard by the bartender or anyone else present. In fact the hearing commissioner expressly found that the solicitation was done in such a manner that no one connected with the management had any knowledge of what happened. Nevertheless he found that petitioner had failed to exercise a proper degree of supervision to prevent the solicitation. That conclusion was based on a finding that prior to the solicitation the female had danced with another man and that she also had been in conversation with another female.

This evidence in our opinion was insufficient to establish that petitioner's management did not exercise proper supervision. In the circumstances the license should not have been suspended. Petition granted and determination unanimously annulled on the law, with $50 costs and disbursements to petitioner. Concur — Breitel, J. P., Rabin, Frank, McNally and Stevens, JJ.